**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **C.O., M.O., and D.R.**

**No. 22-605** (Kanawha County 21-JA-605, 21-JA-606, and 21-JA-610)

**MEMORANDUM DECISION**

Petitioner Mother M.B.[1] appeals the Circuit Court of Kanawha County's June 22, 2022, order terminating her parental rights to C.O., M.O., and D.R.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In October of 2021, the DHHR filed a petition alleging that petitioner had a lengthy history of child protective services interventions, lacked proper housing, and allowed active drug use in the home. The DHHR explained that petitioner had received services as recently as January of 2020 from a prior closed case and that in-home safety services began in August of 2021 for the instant case. The DHHR stated that the family was living with the paternal grandmother in a home without working utilities, the children were filthy, and the father disclosed using methamphetamine. The DHHR also alleged that the father and the paternal grandmother actively engaged in domestic violence. In December of 2021, petitioner completed a psychological evaluation, the results of which concluded that her prognosis for achieving improved parenting abilities was "extremely poor."

The DHHR filed an amended petition in February of 2022, alleging that the father allowed D.R. to smoke marijuana and tobacco in the same home as petitioner. That same month, the circuit court held a preliminary hearing and found probable cause for the children's removal. The court ordered petitioner to participate in services such as random drug screens, parenting education classes, adult life skills classes, and supervised visits with the children.

---

[1]Petitioner appears by counsel Sandra K. Bullman. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Brittany Ryers-Hindbaugh. J. Rudy Martin appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

The circuit court held a contested adjudicatory hearing in March of 2022. The DHHR presented evidence from its worker consistent with the allegations in the petition that the family was "dysfunctional." Petitioner testified that she did not use drugs and was employed. However, she admitted that there was no running water in the home and that electricity was provided by a generator. Based upon this evidence, the circuit court adjudicated petitioner as an abusing parent, noting that the parents failed to respond to the in-home safety services and that petitioner failed to provide the children with a safe and appropriate home. The court also found that petitioner failed to protect the children from witnessing domestic violence and drug use in the home and ordered petitioner to continue participating in services.

In June of 2022, petitioner filed a motion for a post-adjudicatory improvement period. That same month, the circuit court held a dispositional hearing, during which the DHHR presented evidence that petitioner failed to comply with services by inconsistently drug screening. A service provider testified that petitioner failed to take any responsibility for her actions that led to the petition's filing. Furthermore, petitioner had not exercised visitation with the children during the entirety of the proceedings. The DHHR worker testified that petitioner blamed others for the petition's filings and her inability to comply with services. Petitioner testified that she was employed, had recently obtained unfurnished housing, did not use drugs, and regularly participated in mental health treatment on her own. Ultimately, the court denied petitioner's motion for an improvement period. The court noted that petitioner apparently made the time to participate in mental health treatment on her own but refused to comply with the DHHR's services or participate in visitation with the children. The court concluded that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future. The court also found that termination of petitioner's parental rights was necessary for the children's welfare and was the least restrictive dispositional alternative. The circuit court terminated petitioner's parental rights by its June 22, 2022, order. Petitioner now appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. *See* Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. However, petitioner concedes in her brief that she was offered services after the preliminary hearing but "did not fully comply." Due to petitioner's lack of compliance with these services, she was precluded from exercising visitation with the children. While petitioner states that she produced fifty-five negative drug screens and participated in some parenting and adult life skills classes, petitioner fails to show that she proved by "clear and convincing evidence, that [she was] likely to fully participate in the improvement period" in the proceeding below. *See* W. Va. Code § 49-4-610(B). Indeed, petitioner completely ignores the evidence in the record that she failed to accept any responsibility for creating the conditions of abuse and neglect that required the children's removal. As we have explained,

---

[3]C.O. and M.O.'s father's parental rights were terminated below. Their permanency plan is adoption together by their foster family. D.R.'s father's parental rights were also terminated below. The permanency plan for that child is to remain in a pre-independent living program.

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Because petitioner refused to acknowledge the issues that needed to be corrected, we find no error in the court denying her motion for an improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (Permitting a circuit court discretion to deny an improvement period when no improvement is likely).

Further, petitioner argues that the circuit court erred in terminating her parental rights rather than imposing a less-restrictive dispositional alternative. Petitioner contends that the termination of her parental rights was unwarranted regarding D.R. because that child could ultimately be reunified with the father who, at the time of her appeal, was participating in an improvement period. However, according to the record, D.R.'s father's parental rights were terminated in March of 2023. Therefore, this specific argument is moot.

Additionally, petitioner does not challenge the circuit court's finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. *See* W. Va. Code § 49-4-604(c)(6) (authorizing the termination of a parent's parental rights upon such findings). Petitioner failed to comply with her case plan, and there was no evidence presented that petitioner attempted to correct her parenting deficiencies during the proceedings. Moreover, "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As the circuit court's findings are fully supported by the record, we find no error in the termination of petitioner's parental rights rather than the imposition of a less-restrictive dispositional alternative.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 22, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn